UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00529-MOC-DCK

| LISA STARNES MORGAN, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | MEMORANDUM OF DECISION |
| | ) | AND ORDER |
| | ) | |
| FRANK L. PERRY, Secretary N.C. Department of Public Safety, *et al.*, | ) ) | |
| | ) | |
| Respondents. | ) | |

**THIS MATTER** is before the court on respondents' Motion for Summary Judgment and petitioner's counseled Response. Respondent has waived filing a Reply. Petitioner contends that she is entitled to relief under 28 U.S.C. § 2254 because she was afforded ineffective assistance of counsel in relation to a probation violation hearing. For the reasons that follow, respondent's Motion for Summary Judgment will be granted, the Petition denied, and a Certificate of Appealability will not issue.

## FINDINGS AND CONCLUSIONS

**I. Background**

Petitioner is currently incarcerated in the State of North Carolina for a violation of probation, which activated her sentences for 10 counts of obtaining controlled substances by fraud, resulting in an active sentence of 50-60 months followed by 36 months supervised probation. The violation of probation which caused the suspended sentence to be activated included arrearages on supervision payments and a new criminal offense nearly identical to the earlier counts of

conviction. At the revocation, petitioner admitted the violations and the state court activated the suspended sentences. Petitioner was represented by counsel at the hearing.

## II. Petitioner's Contentions

Petitioner contends that she received ineffective assistance of counsel during the revocation hearing for the following reasons:

(1) counsel failed to advocate on her behalf during the sentencing portion of the probation revocation proceeding;

(2) counsel failed to prepare petitioner to speak on her own behalf during the sentencing phase of the probation revocation proceeding;

(3) counsel was ineffective because he failed to advise her of the direct consequences of the plea violation hearing; and

(4) the net combined effect of all these errors deprived her of effective assistance of counsel.

The court will consider these allegations together then consider the impact of the state court's determination of nearly identical claims on a Motion for Appropriate Relief.

## III. Exhaustion of State Remedies

Prior to bringing an action under Section 2241 or 2254 petitioner must exhaust his state remedies. In Longworth v. Ozmint, 377 F.3d 437(4th Cir. 2004), the Court of Appeals for the Fourth Circuit held that to satisfy the exhaustion requirements of Section 2254, a state prisoner must complete at least one round of the state's established appellate review process by presenting the ground for relief in a face-up and square fashion. Id., at 448. In Mallory v. Smith, 27 F.3d 991 (4th Cir.), cert. denied, 513 U.S. 1047 (1994), the Court of Appeals for the Fourth Circuit held, as follows:

The exhaustion requirement can promote comity between the state

and federal systems only if state courts actually have a meaningful opportunity to oversee their own operations. It is therefore required that a petitioner seeking federal habeas review make more than a perfunctory jaunt through the state court system, *see Picard v. Connor*, 404 U.S. 270, 275-76, 92 S.Ct. 509, 511-12, 30 L.Ed.2d 438 (1971), and *habeas* review in the federal courts will be available only after the state courts have been "provided a full and fair opportunity to review earlier state court proceedings," *Whittlesey*, 897 F.2d at 145; see also Picard, 404 U.S. at 275-76, 92 S.Ct. at 511-12. Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir.1992); *Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st Cir.1989).

* * *

[T]he exhaustion requirement demands that the petitioner do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented faceup and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.

Id., 27 F.3d at 994-95 (citation and corresponding quotation marks omitted).

Petitioner filed this action on November 12, 2015. Prior to such filing, petitioner filed a second counseled petition for *certiorari* in the North Carolina Court of Appeals on or about October 30, 2015, seeking review of a Motion for Appropriate Relief that had been denied by the state trial court. On November 17, 2015, the North Carolina Court of Appeals denied the petition for *certiorari*. The court finds that the state has implicitly conceded that petitioner has exhausted her administrative remedies by not raising the Bar in its response. Based on the circumstances presented in this case, the court finds that the exhaustion requirements of 28 U.S.C. § 2254(b) have been met.

**IV.    Discussion of the Merits of Petitioner's Claims**

    **A.    Applicable Standard**s

### 1. Summary Judgment Standard

Respondent has moved for summary judgment and petitioner has timely filed his response.

Rule 56(a), Federal Rules of Civil Procedure, provides:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a). The rule goes on to provide procedures for petitioner to use in responding to a Motion for Summary Judgment:

> **(c) Procedures.**
> (**1**) **Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c). On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving [sic] party must come forward with "specific facts showing that there is a *genuine issue for trial*." Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted; emphasis in the original) (quoting Fed. R. Civ. P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

By reviewing substantive law, the court may determine what matters constitute material facts. Anderson, supra. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." Id. at 248. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id. The court must credit factual disputes in favor of the party resisting summary judgment and draw inferences favorable to that party if the inferences are reasonable, however improbable they may seem. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Affidavits filed in support of a Motion for Summary Judgment are to be used to determine whether issues of fact exist, not to decide the issues themselves. United States ex rel. Jones v. Rundle, 453 F.2d 147 (3d Cir. 1971). When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper. Davis v. Zahradnick, 600 F.2d 458

(4th Cir. 1979). In determining whether a genuine issue of material fact exists, the admissible evidence of the non-moving party must be believed and all justifiable inferences must be drawn in his or her favor. Anderson, supra, at 255. In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Id., at 252.

### 2. Impact of the AEDPA on the Standard of Review

Determination of a Section 2254 petition filed by a state prisoner is governed by the AEDPA. Federal courts are constrained to grant relief only if the state-court ruling

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

28 U.S.C. § 2254(d)(1). Decisions of the Court of Appeals for the Fourth Circuit, while certainly binding on this court in federal *habeas* proceedings, are not binding on the courts of the State of North Carolina because, under the AEDPA, such decisions do not amount to "clearly established Federal law." 28 U.S.C. 2254(d)(1). Thus, under the AEDPA, this court must determine whether a state-court determination is "contrary to" clearly established federal law as established by the United States Supreme Court.

The United State Supreme Court has determined that a state-court decision is contrary to clearly established federal law if the state court "applies a rule that contradicts the governing law set forth in [its] cases" or "confronts a set of facts that are materially indistinguishable from a decision of [that] Court and nevertheless arrives at a result different from [its] precedent." Williams v. Taylor, 529 U.S. 362, 405 (2000). The Court has also held that a "state court need not even be aware of [Supreme Court] precedents, so long as neither the reasoning nor the result

of the state-court decision contradicts them." Wiggins v. Smith, 539 U.S. 510, 520-21 (2003) (citation and corresponding quotation marks omitted). In the end, the state court's decision is an unreasonable application of law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. at 413. To be entitled to relief on summary judgment, petitioner must prove that the state-court adjudication of her claims was "not only erroneous, but objectively unreasonable." Middleton v. McNeil, 541 U.S. 433, 436 (2004) (citations and corresponding quotation marks omitted).

The issue for this court is "not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable--a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007). "The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 75 (2003). Further, a state court's findings of fact are presumed correct unless the petitioner rebuts them with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In addition, under 28 U.S.C. § 2254(d)(2), a *habeas* court may only grant relief if the relevant state-court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

### 3. Ineffective Assistance of Counsel Standard

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that she was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S.

687, 687-91 (1984). In order to satisfy the performance prong, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id., at 687-88. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id., at 689; see also Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). The prejudice prong is satisfied by showing that

> there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Id., at 694. The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citation omitted). If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Id., at 1290, citing Strickland, 466 U.S. at 697. In considering the prejudice prong of the analysis, the court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

    **B.    Discussion of Petitioner's Contentions**

        **1.    Deference to the Reasonable State Court Adjudication of Petitioner's Federal Claims of Ineffective Assistance of Counsel**

This court need not reach the merits and conduct a *de novo* review of petitioner's federal claim of ineffective assistance of counsel where the court has earlier decided that issue and such decision is reasonable. Schriro, 550 U.S. at 473. 5. On 13 August 2015, the Honorable W. David Lee, Senior Resident Superior Court Judge, entered an order denying petitioner's motion for appropriate relief without holding an evidentiary hearing. Judge Lee found that her claims were

procedurally barred pursuant to Chapter 15A-1419 of the North Carolina General Statutes and, alternatively, that counsel's performance was neither deficient nor prejudicial. State Court Order ("J. Lee Order") (#5-14). More specifically, as to the substance of the ineffective assistance of counsel claim, Judge Lee held as follows:

> It further appears, however, that the defendant's probation was revoked based upon the commission of a new criminal offense, an objective, judicially established and virtually irrefutable violation of the terms and conditions of probation. Indeed, for probation violations occurring on or after December 1, 2011 (the effective date of the *Justice Reinvestment Act*), this new conviction serves as one of only two bases for which the Court may revoke probation. All other violations are deemed "technical" and may result only in a confinement in response to such violations of not more than 90 days. In. the case *sub judice* it appears that both the defendant and her appointed counsel were surprised that Judge Christopher Bragg, rather than adopting the recommendation of the probation officer, revoked probation and ordered the imposition of the consecutive sentences earlier ordered by another Superior Court Judge. Such surprise, however, based upon the probation officer's expected recommendation, does not equate to a showing that counsel's performance was deficient and fell below an objective standard of reasonableness. Counsel made Judge Bragg aware of the probation officer's recommendation. Judge Bragg merely exercised his discretion in revoking the probationary sentences for this clear violation. Upon the facts presented, there was nothing unreasonable or untoward about counsel's performance.
>
> Further, there has been no showing of an actual prejudice resulting from the alleged deficiency. The Court of Appeals, in affirming the revocation, went so far as to quote Judge Bragg's lament that the defendant had once again been convicted for 'basically the same thing that you're on probation for."
>
> The Court concludes that the allegations in support of the present motion with respect to claims of ineffective assistance of counsel should have been raised on the previous appeal; and further, such allegations are insufficient to indicate any affirmative prejudice or deficient performance by counsel that unfairly prejudiced the defendant in the revocation proceeding.

Id. at 1-2. Under the highly deferential standards of review contained in 28 U.S.C. § 2254(d) and (e), Judge Lee's decision provides a reasonable determination that counsel's performance satisfied Strickland's deferential standard. Harrington v. Richter, 562 U.S. 86, 105-106 (2011).

Federal habeas relief in state case is reserved for "extreme malfunctions in the state criminal justice systems." Jackson v. Virginia, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring). This court will defer to the decision of Judge Lee inasmuch as it is not an unreasonable resolution of petitioner's federal claim. The petition is dismissed.

**2. Lack of Advocacy at the Revocation Hearing and Sentencing**

Even if Judge Lee's decision was unreasonable, which is clearly not the case, petitioner's claim of ineffective assistance would not survive *de novo* review in this court.[1] Petitioner contends that counsel failed to advocate on her behalf during the sentencing portion of the probation revocation proceeding, to discuss with her the possibility that her probation could be revoked at the probation violation hearing and her sentences activated, to prepare petitioner to speak on her own behalf during the sentencing phase of the probation revocation proceeding, to advise her of the direct consequences of the plea violation hearing, and was ineffective based on the net combined effect of all these errors. She contends that these alleged failures resulted in her being unable to participate in "the decision making process surrounding the preparation for sentencing." She also contends counsel failed to obtain and then present information regarding her medical issues and other mitigating factors at sentencing.

Petitioner's averments are without merit as they are, for the most part, contradicted by the transcript of the state court proceeding. See Revocation Hearing Transcript ("RHT") (#5-9). In contradiction of petitioner's claims, the transcript reveals that counsel informed the court that "we've already discussed what the consequences will be," and offered a proffer of petitioner's medical conditions in mitigation, stating "[t]hroughout all this, she has had some very serious

---

1  In an abundance of caution, the court has conducted de novo review *only* in the alternative.

-10-

health problems, some problems with cancer, and I think that has a lot to do with some of her issues with prescription drugs." RHT at 4-5. The transcript does not reveal that petitioner objected to either statement. As to petitioner's contention that but for the alleged deficiencies of counsel, she would not have admitted the violation, such would have had no impact on the result inasmuch as the hearing court recognized that petitioner had already been *convicted* of the new law violation. Thus, it appears that the outcome of the proceeding would have been no different.

The hearing judge recognized that not only had petitioner been accused of violating probation, she had been convicted of a new law violation nearly identical to her previous 10 convictions, stating "[y]ou're on probation, and you do the same thing again while you're on probation." Id. at 6. Thus, it is clear that even if she had not admitted the violation, the court would have found her in violation inasmuch as she had been convicted of the new law violation before the hearing. Petitioner's contention that her lawyer failed to advocate during sentencing is patently meritless as it is clear that he put forward her best possible mitigating evidence, to wit, that she was obtaining the controlled substances by fraud as a consequence of cancer and dependency resulting from such illness. The court clearly took such mitigating evidence into consideration and while it did not result in a lower sentence or even the sentence that the probation officer recommended, the state court pointedly advised petitioner to take advantage of drug treatment programs while in custody:

> The court would strongly recommend that following custody at the DAC, that you receive any type of drug or alcohol programs that they have and be able to take advantage of those. All right, ma' am?

RHT at 8. While the result was not what was hoped for, counsel was able to effectively communicate to the court the extent of petitioner's dependence issues at sentencing

Petitioner has failed to show either a professional dereliction by her attorney or a reasonable probability of a different result, as required by Hill v. Lockhart, 474 U.S. 52, (1985) and Strickland, supra. At best, petitioner has shown that she received a harsher sentence than anticipated, even one that was harsher than the probation officer recommended. He attempt to place the blame for sentence at the feet of counsel based on a Strickland violation is, however unavailing. Indeed, her contentions are unsupported and conclusory and, as discussed above, antithetical to the record. Such contentions simply cannot support relief under § 2254. Nickerson v. Lee, 971 F.2d 1125 (4th Cir. 1992),[2] cert. denied, 507 U.S. 923 (1993), abrogated on other grounds, Gray v. Netherland, 518 U.S. 152, 165-66 (1996). Fundamentally, petitioner has not shown that but for the alleged missteps of counsel the result of the revocation proceeding would have been any different. Peeling back the arguments, petitioner's real concern is that the hearing judge imposed a sentence that was harsher than even the probation officer sought. A tough sentence handed down by a state judge is not, necessarily, correlative of constitutionally deficient performance by counsel. Federal courts respect the sentencing latitude afforded state judges under state law. See Williams v. New York, 337 U.S. 241, 246–47 (1949). State sentencing courts have "considerable leeway and discretion in governing the conduct of a sentencing." State v. Smith, 352 N.C. 531, 532 S.E.2d 773, 790 (2000). "The states bear the primary responsibility for the punishment of criminal offenders in our society, and federal courts risk upsetting the careful balance of federalism by intruding casually upon their sentencing processes." Deyton v. Keller, 682 F.3d 340, 346 (4th Cir. 2012). The court concludes petitioner's claims are, upon alternative

---

2     "In order to obtain an evidentiary hearing on an ineffective assistance of counsel claim - or for that matter, on any claim - a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." Id. at 1136.

*de novo* review, insufficient to form a basis for relief under § 2254.

**V.     Conclusion**

The task for a federal *habeas* court is to determine whether the state court unreasonably applied clearly established decisions of the Supreme Court. In <u>Williams v. Taylor</u>, <u>supra</u>, the Court held that

> a state-court decision ... involves an **unreasonable application** of [Supreme Court] precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

<u>Id.</u>, at 407 (emphasis added). The Court goes on to hold that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." <u>Id.</u>, at 409. For the reasons discussed above, this court cannot find that Judge Lee's application of clearly established federal law was objectively unreasonable. The court has also been mindful of the instructions of Supreme Court in <u>Harrington</u>, <u>supra</u>, which held, as follows:

> It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *See Lockyer, supra*, at 75, 123 S.Ct. 1166.
> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Cf. Felker v. Turpin*, 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther…. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

562 U.S. at 102-103. Finding that Judge Lee's application of federal law was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement," id., the court will grant respondent's Motion for Summary Judgment and dismiss the petition. The court has included an analysis under *de novo* review only in the alternative and that such determination is provided only in the event a reviewing court were to determine that the state court resolution was unreasonable.

## Denial of Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this court will not issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right). To secure the certificate, a petitioner must demonstrate that she has stated a *debatable* claim of denial of a constitutional right, which she has not done.

## ORDER

**IT IS, THEREFORE, ORDERED** that respondents' Motion for Summary Judgment (#4) is GRANTED and the Petition for Writ of Habeas Corpus under § 2254 is **DISMISSED** with prejudice.

Signed: February 12, 2016

Max O. Cogburn Jr
United States District Judge